IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| PETER GLASSMAN, | ) |
|                     Plaintiff, | ) |
| v. | ) |
| ARLINGTON COUNTY, VIRGINIA and BARBARA FAVOLA, JAY FISETTE, J.WALTER TEJADA, CHRIS ZIMMERMAN, And MARY HUGHES HYNES in their official Capacities, | ) Civil Action No. 09cv1249 |
|                     Defendants. | ) |

**ANSWER OF ARLINGTON COUNTY, VIRGINIA TO
COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTION**

In response to the Complaint for Declaratory Judgment and Injunction filed by Peter Glassman in the above-captioned matter, Defendant Arlington County, Virginia ("County" or "Defendant") states as follows:

## I. INTRODUCTION

1. No response is required to paragraph 1. To the extent a response is required, the allegations are denied.

2. The allegations in paragraph 2 are denied.

3. The allegations in paragraph 3 are denied. It is specifically denied, by way of illustration and not limitation, that any funds from the County's Affordable Housing Investment Fund ("AHIF") were ever approved for use by, or will ever be permitted by the terms of the County's loan to support the reconstruction of, the Church.

4.  The allegations in paragraph 4 are denied. By way of illustration and not limitation, it is specifically denied that any "subsidies" were approved for or provided to the First Baptist Church of Clarendon ("Church"). The Defendant states that the County Board of Arlington County has allocated AHIF funds for use by the Views at Clarendon Corporation, Inc., a not-for-profit corporation ("Views"). The Defendant further specifically denies, by way of illustration and not limitation, that any dwelling units will be located "in the middle of the Church's new structure."

5.  The allegations in paragraph 5 are denied.

6.  The County is without sufficient information to admit or deny many of the allegations of paragraph 6, and therefore denies them. In addition, it is specifically denied, by way of illustration and not limitation, that any funds from any source whatsoever have been approved by the Board for the Church or to be used to develop or build the First Baptist Church of Clarendon.

7.  The allegations in paragraph 7 are denied.

8.  The allegations in paragraph 8 are denied, except that the Defendant admits only that the County Board authorized the County Manager to designate a County representative to the Board of Directors of the Views.

9.  The allegations in paragraph 9 contain conclusions of law to which no answer is required. To the extent an answer may be required and to the extent paragraph 9 contains factual allegations, the allegations are denied.

## II. JURISDICTION AND VENUE

10.  The allegations in paragraph 10 contain conclusions of law to which no answer is required. To the extent an answer may be required, the allegations are denied.

11. The allegations in paragraph 11 contain conclusions of law to which no answer is required. To the extent an answer may be required, the allegations are denied, except that it is admitted that venue lies in this Court.

12. The County is without sufficient knowledge either to admit or deny many of the allegations in paragraph 12, and therefore denies them. It is admitted only that Arlington County's Affordable Housing Investment Fund ("AHIF") is funded, in part, from the County's general fund. The County denies, however, that the Plaintiff has an immediate, pecuniary and substantial interest in the AHIF, or in the County Board's allocation of funds for the Views' affordable housing project.

### III. THE PARTIES

13. The allegations in paragraph 13 contain conclusions of law to which no response is required; to the extent a response is required, they are denied. It is admitted that in October, 2004, Barbara Favola, Jay Fisette, J. Walter Tejada, and Chris Zimmerman were members of the County Board, and that those same individuals were members of the Board in February, 2007. It is also admitted that the members of the County Board, in December 2008 were Mary Hynes, Barbara Favola, Jay Fisette, J. Walter Tejada, and Chris Zimmerman.

14. The allegations in paragraph 14 are denied.

15. The allegations in paragraph 15 are denied, except that it is admitted that one or more of the members of the County Board may have supported the funding of the affordable housing project that the Views will construct.

### IV. FACTUAL ALLEGATIONS

16. The County is without sufficient knowledge to admit or deny the allegations in paragraph 16, and therefore denies them.

17. The County is without sufficient knowledge to admit or deny the allegations in paragraph 17, and therefore denies them.

18. The allegations in paragraph 18 are denied.

19. The allegations in paragraph 19 are denied.

20. It is admitted that an application for certain land use approvals was submitted by the First Baptist Church of Clarendon Development Corporation ("Development Corporation") in 2004. It is also admitted that a non-profit corporation, The Views at Clarendon Corporation, Inc. was created. The remaining allegations in paragraph 20 are denied.

21. The County is without sufficient knowledge either to admit or deny the allegations in paragraph 21 and therefore denies them.

22. The allegations in paragraph 22 are denied.

23. The allegations in paragraph 23 are denied.

24. It is admitted only that the Bay Area Economics was hired to prepare a study of options for affordable housing on the site owned by the Church (the report is referred to hereinafter as the "BAE Study"). Any remaining allegations in paragraph 24 are denied.

25. The allegations in paragraph 25 are denied; the BAE Study speaks for itself and must be read as a whole.

26. The allegations in paragraph 26 are denied; the BAE Study speaks for itself and must be read as a whole.

27. The allegations in paragraph 27 are denied. To the extent the allegations attempt to reflect statements in the October 21, 2004 staff report, those statements have been taken out of context.

28.   The allegations in paragraph 28 are denied.

29.   The allegations in paragraph 29 are denied.

30.   The allegations in paragraph 30 are denied, except that it is admitted only that the staff report sent to the County Board in 2004 stated, among other things, that the per-unit subsidy would be "nearly $64K," and that the average loan, per affordable unit, on all types of AHIF/HOME loans for the period of 2000-2003 was $35K per unit.

31.   The allegations in paragraph 31 are admitted.

32.   The allegations in paragraph 32 are denied, except that it is admitted only that in 2004 the Development Corporation requested certain land use approvals for its property, including a rezoning and a special exception site plan approval.

33.   The allegations in paragraph 33 are denied, except that it is admitted that some neighbors of the Church had some concerns.

34.   The allegations in paragraph 34 are denied.

35.   It is admitted that the Virginia Supreme Court overturned the rezoning of the property in the decision in Renkey v. County Board, 272 Va. 369 (2007), and that opinion speaks for itself. Any other allegations in paragraph 35 are denied.

36.   It is admitted that the County Board clarified its Zoning Ordinance to allow the rezoning it had previously intended to approve, and that it rezoned the property and approved a special exception site plan application for the Development Corporation. Any other allegations in paragraph 36 are denied.

37.   It is admitted that another legal challenge was brought, and that the second challenge was dismissed on demurrer, in its entirety, by the Arlington County Circuit Court,

and that the Virginia Supreme Court subsequently refused the petition for appeal, finding no error by the trial court. Any other allegations in paragraph 37 are denied.

38. The allegations in paragraph 38 are denied, except that it is admitted that costs for the project increased.

39. It is admitted that in 2007, the Board approved additional funds for the Views project. Any other allegations in paragraph 39 are denied.

40. The County is without sufficient knowledge either to admit or deny the allegations in paragraph 40 and therefore denies them.

41. The allegations in paragraph 41 are denied, except that it is admitted that, in the fall of 2008, the Views advised County staff that project costs were increasing for the apartment building.

42. The allegations in paragraph 42 are denied, except that it is admitted that, in December 2008, the Board approved an allocation of up to 6.5 million dollars for the Views.

43. The allegations in paragraph 43 are denied.

44. The allegations in paragraph 44 are denied.

45. The allegations in paragraph 45 are denied.

46. The allegations in paragraph 46 are denied.

47. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 47 and therefore denies them.

48. The allegations in paragraph 48 are denied.

49. The allegations in paragraph 49 are denied.

50. The allegations in paragraph 50 are admitted.

51. The allegations in paragraph 51 are denied.

52. The allegations in paragraph 52 are denied.

53. The allegations in paragraph 53 are denied.

54. The County is without sufficient knowledge to admit or deny the allegations in the first sentence of paragraph 54 and therefore denies them. The County denies the other allegations in paragraph 54.

55. The allegations in paragraph 55 are denied.

56. The County is without sufficient knowledge as to what the referenced "documents" are or as to the alleged "determination" by the Church "and its advisors" to either admit or deny the allegations in paragraph 56 and therefore denies them.

57. The County is without sufficient knowledge to either admit or deny the allegations in paragraph 57 and therefore denies them.

58. The allegations in paragraph 58 are denied.

59. Defendant is without sufficient knowledge either to admit or deny the allegations of paragraph 59, and therefore denies them. By way of illustration and not limitation, it is denied that any County funds will be used to subsidize the building of a church.

60. The allegations in paragraph 60 are denied.

61. The allegations in paragraph 61 are denied.

62. The allegations in paragraph 62 are denied.

63. The County is without sufficient knowledge as to what this paragraph appears to quote, and therefore denies the allegations in paragraph 63.

64. The allegations in paragraph 64 are denied.

65. The allegations in paragraph 65 are denied.

66. The allegations in paragraph 66 are denied.

67. The allegations in paragraph 67 are denied.

68. The allegations in paragraph 68 are denied.

69. The allegations in paragraph 69 are denied.

70. The allegations in paragraph 70 are denied.

71. The allegations in paragraph 71 are denied.

72. The allegations in paragraph 72 are denied.

73. The allegations in paragraph 73 are denied.

74. The allegations in paragraph 74 are denied, except that it is admitted that other entities have raised similar issues at the time the County Board first allocated funds to be used to help finance the affordable housing project.

75. It is admitted only that many people and organizations had input into the consideration of the project, many supported the County allocation of the funds for affordable housing, some opposed it. Any other allegations in paragraph 75 are denied.

76. It is admitted only that a letter from Alex J. Luchenitser, Esq., Senior Litigation Counsel for Americans United for Church and State, dated October 21, 2004, was sent to the County Board that contained the quoted words, among others. Any other allegations in paragraph 76 are denied.

77. It is admitted only that a letter from Alex J. Luchenitser, Esq., Senior Litigation Counsel for Americans United for Church and State, dated October 21, 2004, was sent to the County Board that contained the quoted words, among others. Any other allegations in paragraph 77 are denied.

78. It is denied that the allegations in paragraph 78 accurately characterize the letter referenced in paragraph 77 of this Answer.

79. It is admitted only that a letter from Alex J. Luchenitser, Esq., Senior Litigation Counsel for Americans United for Church and State, dated October 21, 2004, was sent to the County Board that contained the quoted words, among others. Any other allegations in paragraph 79 are denied.

80. It is admitted only that a letter from Alex J. Luchenitser, Esq., Senior Litigation Counsel for Americans United for Church and State, dated October 21, 2004, was sent to the County Board that contained the quoted words, among others. Any other allegations in paragraph 80 are denied.

81. The allegations in paragraph 81 are denied.

## CAUSES OF ACTION

### Count I

82. Responses to the allegations in all preceding paragraphs are incorporated herein by reference.

83. The allegations in paragraph 83 state conclusions of law to which no answer is required. To the extent an answer is required, the allegations are denied.

84. Many of the allegations in paragraph 84 state conclusions of law to which no answer is required. To the extent an answer is required, the allegations are denied. Any other allegations in paragraph 84 are denied.

85. The allegations in paragraph 85 state conclusions of law to which no answer is required. To the extent an answer is required, the allegations are denied.

### Count II

86. Responses to the allegations in all preceding paragraphs are incorporated herein by reference.

87. It is admitted that the Constitution of Virginia contains most of the words in the quote. Any other allegations in paragraph 87 are denied.

88. The allegations in paragraph 88 state conclusions of law to which no answer is required. To the extent an answer is required, the allegations are denied.

89. Any allegations in the Complaint that are not specifically admitted in this Answer are denied, including any allegations contained in the headings of the Complaint.

90. It is denied that Plaintiff is entitled to any of the relief prayed for in the Complaint.

## AFFIRMATIVE DEFENSES

91. The Complaint seeks no relief against Defendant County, and therefore this action should be dismissed as to the County.

## PRAYER FOR RELIEF

For all of the foregoing reasons, The County respectfully requests that the above-captioned matter be finally dismissed, with prejudice, and that it be awarded its costs of this matter together with such other relief as the Court deems appropriate.

        Respectfully Submitted,

        ARLINGTON COUNTY, VIRGINIA,
        By Counsel,

                   Stephen A. MacIsaac,
                   County Attorney



                 ____/s/_____
                 Carol W. McCoskrie
                 Virginia Bar No. 24395
                 Attorney for Arlington County, Virginia
                 Arlington County Attorney's Office
                 2100 Clarendon Boulevard, #403
                 Arlington, Virginia, 22201
                 703-228-3100 (phone)
                 703-228-7106 (fax)
                 cmccoskrie@arlingtonva.us


## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of November, 2009, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I will mail the document, by U.S. Mail, first class postage prepaid, to the following non-filing user:

**Stephen Grey Cochran**
Roeder & Cochran PLLC
8280 Greensboro Dr
Suite 601
McLean, VA 22102.



____/s/_____
Carol W. McCoskrie
Virginia Bar No. 24395
Attorney for Arlington County, Virginia
Arlington County Attorney's Office
2100 Clarendon Boulevard, #403
  Arlington, Virginia, 22201
703-228-3100 (phone)
703-228-7106 (fax)
cmccoskrie@arlingtonva.us